UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: _____

| | |
|---|---|
| GARY GOLDINER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PLANTATION   GENERAL   HOSPITAL | ) |
| LIMITED PARTNERSHIP d/b/a Plantation | ) |
| General Hospital a/k/a HCA a/k/a PGH and | ) |
| HD&S CORP. SUCCESSOR, INC. d/b/a | ) |
| Plantation General Hospital a/k/a HCA a/k/a | ) |
| PGH, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

Plaintiff GARY GOLDINER ("Plaintiff"), sues the Defendants PLANTATION

GENERAL HOSPITAL LIMITED PARTNERSHIP d/b/a Plantation General Hospital a/k/a HCA

a/k/a PGH (individually "PGH") and HD&S CORP. SUCCESSOR, INC. d/b/a Plantation General

Hospital a/k/a HCA a/k/a PGH (individually "HDS") (collectively the "Defendants"), and alleges

as follows:

## NATURE OF ACTION

1.      This action arises out of Plaintiff's employment relationship with Defendants,

including his wrongful termination in violation of the Family and Medical Leave Act of 1993, 29

U.S.C. § 2601 *et seq*. (the "FMLA"); the Americans with Disabilities Act, 42 U.S.C. § 12101 *et*

*seq.* (the "ADA"); 42 U.S.C. § 1981; the Florida Private Whistleblower Act, Section 448.102 (the "FPWA"); and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII").

## PARTIES

2.      At all times material, Plaintiff was a resident of Broward County, Florida.

3.      At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

4.      Plaintiff was an "employee" of Defendants as defined by the ADA and applicable Florida law.

5.      At all times material, PGH was an "employer" as defined by 29 U.S.C.§ 2611(4).

6.      At all times material, HDS was an "employer" as defined by 29 U.S.C.§ 2611(4).

7.      Each Defendant employs more than 15 employees, and each Defendant was Plaintiff's employer within the meaning of the ADA, the FMLA, the FPWA, 42 U.S.C. §1981, and Title VII.

8.      At all times material, PGH was a foreign limited partnership doing business in Broward County, Florida.  PGH, is and at all times relevant was, a hospital and its business activity affected interstate commerce.

9.      At all times material, HDS was a foreign limited partnership doing business in Broward County, Florida. HDS, is and at all times relevant was, a hospital or a group of health care facilities, and its business activity affected interstate commerce.

10.     Defendants are joint employers, an integrated enterprise, or an agent of each other. They share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations.

11.     Alternatively, Defendants share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both companies.

## JURISDICTION AND VENUE

12.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343(3) and (4); 28 U.S.C. §2617; 28 U.S.C. § 1332; 28 U.S.C. § 1367(a). The jurisdiction of the Court is further invoked to secure protection for and to redress the deprivation of rights protected by the ADA, Title VII, 42 U.S.C. § 1981, the FMLA, and the FPWA.

13.     Plaintiff's invokes supplemental jurisdiction over the state law claims because the facts related to his federal claims are intrinsically related to the facts of his federal complaints.

14.     Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of by Plaintiff occurred within this judicial district and because Defendants have offices and conduct business in Broward County, Florida. In addition, the employment records of Plaintiff are stored or have been administered, in Broward County, Florida.

## PROCEDURAL REQUIREMENTS

15.     Plaintiff has complied with all conditions precedent in filing this action. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

16.     Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendants.

17.     On or about January 5, 2021, the EEOC issued a Right to Sue Letter. The instant action is being filed within 90 days from receipt of the Right to Sue Letter.

## GENERAL ALLEGATIONS

18.     Plaintiff is a 57-year-old Jewish disabled individual.

19.     Defendants are a hospital in Plantation, Florida. They are multimillion dollar entities that operate multiple hospitals and health facilities in Florida.

20.     Since at least March of 2020, Defendants have treated hundreds if not thousands of patients with Covid or with Covid-related symptoms.

21.     Plaintiff worked for the Defendants for almost thirty (30) years, since approximately April 15, 1991.

22.     Throughout his tenure, Plaintiff performed his job in an admirable manner and was admired by his co-workers and supervisors, who considered him a good employee. Plaintiff received raises and as of March of 2020, he had deservingly reached the position of "Evening Shift Supervisor."

23.     On or about March of 2020, Plaintiff became vocal about the Defendants' failure to provide employees working in the radiology department, including Plaintiff, with adequate masks and related protective gear. Plaintiff launched several complaints against Defendants because employees in the radiology department were in constant direct contact with Covid patients

or with patients that were experiencing Covid-type symptoms and did not have adequate protective gear.

24.     At all times relevant, Plaintiff suffered from serious medical conditions, which affected his lungs and respiratory system. Specifically, Plaintiff, at all times relevant, suffered from pneumonia and lung infections. Having his employer protect his co-workers and Plaintiff from Covid, became one of Plaintiff's chief concerns.

25.     Around the same time, Plaintiff also became vocal about being subjected to harassment and discrimination on the basis of his religion (Judaism), national origin (Jewish), and race (Jewish ancestry and white) by his co-workers, Nicole McIntosh and Jose Torres.

26.     Continuously calling Plaintiff, a "white supremacist," and conveying to Plaintiff that "Sephardic Jews are better than Ashkenazi Jews", "you think you are superior because you are a Jew", "Israeli Jews stole from Palestinians", and "we will get you out, just like we did that other racist supervisor" are a few examples of discriminatory and harassing behavior in which Nicole McIntosh and Jose Torres engaged to create a hostile work environment for Plaintiff. Another example was the use of a picture mocking Plaintiff's religion and ancestry (*see* **Exhibit "A"**).

27.     Plaintiff complained to his direct supervisor, Glenn Sparkman, about his safety-related concerns (namely the hospital's failure to provide equipment that would adequately protect radiology employees from Covid) and about the harassment and discrimination launched by Plaintiff's co-workers. Mr. Sparkman did not address Plaintiff's concerns and completely ignored

Plaintiff. As a result, the harassment and the hospital's failure to provide adequate protective gear for Covid continued to go unchecked for several weeks and then months.

28.     Feeling ignored, Plaintiff had no choice but to go up the chain of command and complained to Defendants' Human Resources Director, Sylvia Peraza, about the harassment and the hospital's failure to provide adequate protective gear for Covid, and about the fact that Mr. Sparkman failed to address Plaintiff's concerns. These complaints too were ignored.

29.     Instead of investigating and addressing Plaintiffs' well-founded complaints, Defendants retaliated against Plaintiff by further allowing more harassment and abuse toward Plaintiff, by reprimanding Plaintiff, by intimidating Plaintiff in meetings with armed security guards, and by micromanaging his work.

30.     Plaintiff had to react as he saw the Defendants' intentions toward him become clear: Defendants wanted to get rid of Plaintiff for engaging in protected activities.

31.     Plaintiff again went further up in the chain of command and began contacting executives of the Defendants to explain his complaints about the discriminatory harassment, the hospital's failure to provide adequate protective gear for Covid, Mr. Sparkman's failure to act, and the then ongoing retaliatory campaign initiated against Plaintiff. These complaints too were ignored.

32.     On July 31, 2020, in a clear act of retaliation, Defendants disciplined Plaintiff by demoting him from "Evening Shift Supervisor" to "Radiological Technologist."

33.     In response, Plaintiff contacted his union representatives to file a grievance against Defendants. Surprisingly for Plaintiff, his union representative failed to properly represent Plaintiff's interests and missed a deadline to file Plaintiff's grievance.

34.     On or about September 14, 2020, feeling somewhat defeated, anxious and depressed, but hopeful, Plaintiff decided to file a formal complaint against Defendants with the United States Department of Labor, Occupational Safety and Health Administration ("OSHA"). Later, Plaintiff proceeded to file formal actions against Defendants and the union with the United States National Labor Relations Board ("NLRB").

35.     Filing complaints with OSHA and the NLRB are protected activities. Unfortunately for Plaintiff, complaining with the government about Defendants would eventually result in the assassination of his career at Defendants.

36.     Further, the stress caused by Defendants' harassment and the continued retaliation caused a toll on Plaintiff's already delicate physical and mental condition. Plaintiff was devastated and became then extremely sick. Specifically, Plaintiff's Keratoconus (an eye disease of the cornea) became aggressively severe; Plaintiff developed a serious corneal abrasion; Plaintiff's high blood pressure became a life risk; and Plaintiff's pulmonary issues became aggravated.

37.     On or about October 15, 2020, Plaintiff requested FMLA leave, and disability leave due to the serious medical conditions he was then enduring. Both requests were granted until January 4, 2021.

38.     Defendants promised Plaintiff his job back upon his return.

39.     However, as soon as Plaintiff began his leave, Mr. Sparkman continuously interrupted Plaintiff's FMLA leave by contacting Plaintiff to discuss work-related matters and meetings. This was in violation of the Defendants' leave policies.

40.     Later, on January 4, 2021, upon Plaintiff's return to work, Defendants confronted Plaintiff and immediately suspended him without pay. Nothing other than Plaintiff's formal complaints with the United States agencies mentioned above, prompted Plaintiff's suspension.

41.     As a last resort, on January 5, 2021, Plaintiff contacted the United States Equal Employment Opportunity Commission (the "EEOC") and filed a formal Charge of Discrimination.

42.     On January 12, 2021, Defendants terminated Plaintiff's employment.

43.     Up until March 2020, Defendants considered Plaintiff a good or an outstanding employee.

44.     From his date of hire until on or about March of 2020, Plaintiff received satisfactory feedback from Defendants about his work performance.

45.     The acts of the Defendants toward Plaintiff from March 2020 to the present have caused anxiety, stress, lack of self-esteem, and physical and mental pain to Plaintiff. Defendants must be punished.

### COUNT I: INTERFERENCE WITH FMLA RIGHTS (SUSPENSION & TERMINATION)

46.     Plaintiff repeats and re-alleges paragraphs 1 – 15, 18 – 24, and 27 – 45 as if fully stated herein.

47.     Plaintiff was eligible for FMLA leave from October 16, 2020 through January 13, 2021.

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                       Facsimile: 888.270.5549

48.     At all times material, Plaintiff gave proper notice to Defendants by informing them of his serious medical condition and of his need to take FMLA leave.

49.     Plaintiff provided enough information for Defendants to know that his potential leave may be covered by the FMLA.

50.     Despite their knowledge of Plaintiff's medical condition, Defendants suspended Plaintiff and then terminated Plaintiff.

51.     When Defendants suspended and fired Plaintiff, they interfered with Plaintiff's rights under the FMLA.

52.     As a result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a.     Enter judgment in Plaintiff's favor and against Defendants for interfering with Plaintiff's rights under the FMLA;

b.     Reinstatement or compensatory mental damages;

c.     Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

d.     Award Plaintiff liquidated damages;

e.     Award Plaintiff prejudgment interest on his damages award;

f.     Award Plaintiff reasonable costs and attorney's fees;

g.     Award Plaintiff any further relief pursuant to the FMLA; and

h.     Grant Plaintiff such other and further relief as this court deems equitable and just.

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                         Facsimile: 888.270.5549

## COUNT II: VIOLATION OF THE FMLA– RETALIATION

53.     Plaintiff repeats and re-alleges paragraphs 1 – 15, 18 – 24, and 27 – 45 as if fully stated herein.

54.     Defendants terminated Plaintiff after he took FMLA leave.

55.     Defendants terminated Plaintiff because he requested and took FMLA leave.

56.     Defendants have intentionally engaged in unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff for having requested to take FMLA leave and by taking FMLA.

57.     Plaintiff's request for medical leave and his taking of leave pursuant to the FMLA was a direct and proximate cause of his termination.

58.     As a direct and proximate result of the intentional violations by Defendants of Plaintiff's rights under the FMLA, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a.   Enter judgment in Plaintiff's favor and against Defendants for their violations of the FMLA;

b.   Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c.   Award Plaintiff compensatory damages under the FMLA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has and continues to suffer;

d.   Award Plaintiff liquidated damages;

e.   Reinstatement;

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                         Facsimile: 888.270.5549

10

    f.   Award Plaintiff prejudgment interest on her damages award;

    g.   Award Plaintiff reasonable costs and attorney's fees; and

    h.   Grant Plaintiff such other and further relief as this court deems equitable and just.

## COUNT III: VIOLATION OF THE ADA – DISABILITY DISCRIMINATION

59.    Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 – 24 and 27 – 45 of this Complaint.

60.    Plaintiff is, and at all times relevant was, a disabled individual. Alternatively, Defendants, at all times relevant, regarded Plaintiff as disabled.

61.    Plaintiff's medical condition qualified as a disability or was regarded as a disability by Defendants, within the meaning of the ADA.

62.    Defendants were aware of Plaintiff's medical condition and disability or perceived disability.

63.    At all times during his employment, Plaintiff was qualified to perform the essential functions of his position with or without reasonable accommodations.

64.    Defendants intentionally engaged in unlawful employment practices and discrimination in violation of the ADA by treating Plaintiff differently than similarly situated employees in the terms and conditions of his employment.

65.    Jose Torres and Nicole McIntosh are not disabled or perceived as disabled during the time Plaintiff was employed by Defendants. These two comparators were not discriminated against or harassed by Defendants. In fact, Glenn Sparkman allowed Jose Torres to leave early without consequences to the terms of his employment. Mr. Torres was never reprimanded,

suspended, demoted, or fired for leaving early and collecting salaries for time he did not work when he left early.

66.     Defendants terminated Plaintiff because of his disability, in violation of the ADA. Alternatively, Plaintiff's disability or perceived disability was a motivating factor that caused Defendants to terminate Plaintiff.

67.     As a direct and proximate result of the above-described actions of Defendants, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

68.     Furthermore, as a direct and proximate result of such actions by Defendants, Plaintiff has been and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendants' conduct.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a.  Enter judgment in Plaintiff's favor and against Defendants for their violations of the ADA;

b.  Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c.  Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d.  Award Plaintiff prejudgment interest on her damages award;

e.  Award Plaintiff punitive damages;

f.  Award Plaintiff reasonable costs and attorney's fees; and

g.  Grant Plaintiff such other and further relief as this Court deems equitable and just.

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800                      Telephone: 305.503.5131
Aventura, Florida 33180                                      Facsimile: 888.270.5549

## COUNT IV: VIOLATION OF THE ADA – RETALIATION

69.     Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 – 24 and 27 – 45 of this Complaint.

70.     Plaintiff objected to actions of the Defendants based on his disability, or perceived disability.

71.     Defendants subsequently suspended and then terminated Plaintiff.

72.     Defendants' stated actions were motivated by intent to retaliate against Plaintiff for his protected activity under the ADA.

73.     Defendants violated the ADA or acted with reckless disregard for whether their actions were prohibited.

74.     As a direct and proximate result of the intentional violations by Defendants, Plaintiff has suffered and will continue to suffer, emotional pain and mental anguish.

75.     Furthermore, as a direct and proximate result of such actions by Defendants, Plaintiff has been and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendants' conduct.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a.  Enter judgment in Plaintiff's favor and against Defendants for their violations of the ADA;

b.  Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c.  Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

    d.   Award Plaintiff punitive damages based on Defendants' willful and/or reckless conduct;

    e.   Award Plaintiff prejudgment interest on her damages award;

    f.   Award Plaintiff reasonable costs and attorney's fees; and

    g.   Grant Plaintiff such other and further relief as this Court deems equitable and just.

**COUNT V: RETALIATION**
**<u>VIOLATION OF SECTION 448.102(1) OF THE FLORIDA STATUTES</u>**

76.    Plaintiff re-alleges and incorporates the allegations set forth above in paragraphs 1 – 15, 18 – 24 and 27 – 45 as if fully set forth herein.

77.    Florida Statutes provide:

448.102  Prohibitions.—An employer may not take **<u>any</u>** retaliatory personnel action against an employee because the employee has:
(1)  Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation. However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice (emphasis added).

78.    Plaintiff filed a complaint against Defendants because Defendants violated the OSHA Act of 1970, Section 5(a)(1) by exposing their employees to Covid-19 without the adequate Personal Protection Equipment ("PPE").

79.    Plaintiff also brought his OSHA complaint in writing to Defendants and afforded Defendants a reasonable opportunity to correct the illegal activity.

SAENZ & ANDERSON, PLLC

80.     Defendants harassed Plaintiff, demoted him, suspended Plaintiff, and ultimately fired him because he disclosed or threatened to disclose Defendants' violation of the OSHA Act of 1970, Section 5(a)(1).

81.     Harassing Plaintiff, writing him up, demoting him, suspending him, and ultimately firing Plaintiff are all wrongful acts in violation of the Florida Whistle-blower's Act, Section 448.102, Florida Statutes.

82.     As a direct result of Defendants' unlawful actions, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff requests:

a) Reinstatement to the same position held before Defendants' retaliatory actions against Plaintiff, or to an equivalent position;

b) Reinstatement of full fringe benefits and seniority rights;

c) Compensation for lost wages, benefits, mental damages, and other remuneration;

d) Payment by Defendants of Plaintiff's reasonable costs and attorney's fees of this action pursuant to Section 448.104, Florida Statutes;

e) An order prohibiting Defendants from discharging individuals who refuse to engage in or object to practices which violate Florida law; and

f) Such further relief as the Court deems just and proper.

**COUNT VI: RETALIATION**
**VIOLATION OF SECTION 448.102(2) OF THE FLORIDA STATUTES**

83.     Plaintiff re-alleges and incorporates the allegations set forth above in paragraphs 1 – 15, 18 – 24 and 27 – 45 as if fully set forth herein.

84.     Florida Statutes provide:

448.102   Prohibitions.—An employer may not take **any** retaliatory personnel action against an employee because the employee has:

(2)   Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer (emphasis added).

85.    Plaintiff provided information to OSHA about the unlawful activities of the Defendants.  In addition, Plaintiff participated in the investigation conducted by OSHA against Defendants.

86.    Exposing employees to dangerous or unsafe conditions is a violation of the OSHA Act of 1970, Section 5(a)(1).

87.    Defendants harassed Plaintiff, wrote him up, demoted him, suspended him, and ultimately fired Plaintiff because he provided information or participated in the investigation of OSHA against Defendants.

88.    Harassing Plaintiff, writing him up, demoting him, suspending him, and ultimately firing Plaintiff are all wrongful acts in violation of the Florida Whistle-blower's Act, Section 448.102, Florida Statutes.

89.    As a direct result of Defendants' unlawful actions, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff requests:

a)  Reinstatement to the same position held before Defendants' retaliatory action against Plaintiff, or to an equivalent position;

b)  Reinstatement of full fringe benefits and seniority rights;

c)  Compensation for lost wages, benefits, mental damages, and other remuneration;

d)  Payment by Defendants of Plaintiffs' reasonable costs and attorney's fees of this action pursuant to Section 448.104, Florida Statutes;

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800                    Telephone: 305.503.5131
Aventura, Florida 33180                                     Facsimile: 888.270.5549

   e) An order prohibiting Defendants from discharging individuals who refuse to engage in or object to practices which violate Florida law; and

   f) Such further relief as the Court deems just and proper.

## COUNT VII: RETALIATION
## VIOLATION OF SECTION 448.102(3) OF THE FLORIDA STATUTES

90.    Plaintiff re-alleges and incorporates the allegations set forth above in paragraphs 1 – 15, 18 – 24 and 27 – 45 as if fully set forth herein.

91.    Florida Statutes provide:

448.102   Prohibitions.—An employer may not take **any** retaliatory personnel action against an employee because the employee has:
(3)   Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation (emphasis added).

92.    Plaintiff objected to participate in the practice of requiring employees to expose themselves to a dangerous condition without the use of adequate PPE.

93.    Exposing employees to dangerous or unsafe conditions is a violation of the OSHA Act of 1970, Section 5(a)(1).

94.    Defendants harassed Plaintiff, wrote him up, demoted him, suspended him, and ultimately fired Plaintiff because she objected to participate in the practice of requiring employees to expose themselves to a dangerous condition without the use of adequate PPE.

95.    Harassing Plaintiff, writing him up, demoting him, suspending him, and ultimately firing Plaintiff are all wrongful acts in violation of the Florida Whistle-blower's Act, Section 448.102, Florida Statutes.

96.     As a direct result of Defendants' unlawful actions, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff requests:

a) Reinstatement to the same position held before Defendants' retaliatory action against Plaintiff, or to an equivalent position;

b)  Reinstatement of full fringe benefits and seniority rights;

c)  Compensation for lost wages, benefits, mental damages, and other remuneration;

d)  Payment by Defendants of Plaintiff's reasonable costs and attorney's fees of this action pursuant to Section 448.104, Florida Statutes;

e)  An order prohibiting Defendants from discharging individuals who refuse to engage in or object to practices which violate Florida law; and

f)  Such further relief as the Court deems just and proper.

### COUNT VIII: VIOLATION OF TITLE VII - DISCRIMINATION BASED ON PLAINTIFF'S RELIGION

97.     Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 – 22, 25 – 33, and 36 – 45 of this Complaint.

98.     Plaintiff is a member of a protected class of citizens whose religion is Judaism.

99.     Plaintiff was and is qualified for the position of Evening Shift Supervisor.

100.    During the course of Plaintiff's employment with the Defendants, Plaintiff was subjected to a discriminatory environment, as more fully described supra, because he observes Judaism.

101.    The offensive and discriminatory remarks and conduct referred to in this complaint were offensive to Plaintiff and would be offensive to a reasonable person.

102.    The offensive and discriminatory remarks and conduct referred to in this complaint were substantially motivated by Plaintiff's observance of Judaism.

103.    Similarly situated employees such as Jose Torres and Nicole McIntosh are not Jewish. They are not and were not subjected to the same conduct referred to in this complaint.

104.    The Defendants' discriminatory behavior was part of a custom, pattern and practice of unlawful harassment and discrimination of employees who are Jewish.

105.    Defendants' discriminatory behavior included that harassment perpetrated against Plaintiff, his disciplinary actions, his micromanagement, his demotion, his suspension, and Plaintiff's termination.

106.    As a direct and proximate result of the foregoing, Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

107.    Plaintiff's religion was a motivating factor for his harassment, his disciplinary actions, his demotion, his suspension, and his termination.

108.    Plaintiff has suffered damages of an ongoing and continuous nature.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a.  Enter judgment in Plaintiff's favor and against the Defendants for their violations of Title VII;

b.  Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in a Title VII action;

c.  Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d.  Award Plaintiff prejudgment interest on her damages award;

e.  Award Plaintiff punitive damages;

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                  Facsimile: 888.270.5549

19

f.  Enjoin the Defendants, their officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

g.  Award Plaintiff reasonable costs and attorney's fees; and

h.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT IX: VIOLATION OF TITLE VII
## HOSTILE WORK ENVIRONMENT BASED ON PLAINTIFF'S RELIGION

109.    Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 – 22, 25 – 33, and 36 – 45 of this Complaint.

110.    Plaintiff is a member of a protected class of citizens who observe Judaism.

111.    Plaintiff was and is qualified for the position of Evening Shift Supervisor.

112.    During the course of Plaintiff's employment with the Defendants, Plaintiff was subjected to a hostile work environment, as more fully described supra.  This conduct was substantially motivated by Plaintiff's religion and because he is Jewish.

113.    The offensive and discriminatory remarks and conduct referred to in this complaint were offensive to Plaintiff and would be offensive to a reasonable person.

114.    The offensive and discriminatory remarks and conduct referred to in this complaint were sufficient severe and pervasive and altered the terms and conditions of his employment.

115.    Similarly situated employees such as Jose Torres and Nicole McIntosh who are not Jewish, were not subjected to the same conduct referred to in this complaint.

116.    Defendants were aware the hostile work environment Plaintiff was subjected to and took no remedial action to cease such behavior.

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                  Facsimile: 888.270.5549

20

117. As a direct and proximate result of the foregoing, Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

118. Plaintiff's religion was a motivating factor for the Defendants to create and maintain a hostile work environment around Plaintiff.

119. Plaintiff has suffered damages of an ongoing and continuous nature.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against the Defendants for their violations of Title VII;

b. Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in a Title VII action;

c. Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d. Award Plaintiff prejudgment interest on her damages award;

e. Award Plaintiff punitive damages;

f. Enjoin the Defendants, their officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

g. Award Plaintiff reasonable costs and attorney's fees; and

h. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT X: VIOLATION OF TITLE VII - DISCRIMINATION BASED ON PLAINTIFF'S RACE

120. Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 – 22, 25 – 36, and 38 – 45 of this Complaint.

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                  Facsimile: 888.270.5549

21

121.    Plaintiff is a member of a protected class of Jewish citizens. Jewish is a "race" protected under Title VII.

122.    Plaintiff was and is qualified for the position of Evening Shift Supervisor.

123.    During the course of Plaintiff's employment with the Defendants, Plaintiff was subjected to a discriminatory environment, as more fully described supra, because he belongs to the Jewish race.

124.    The offensive and discriminatory remarks and conduct referred to in this complaint were offensive to Plaintiff and would be offensive to a reasonable person.

125.    The offensive and discriminatory remarks and conduct referred to in this complaint were substantially motivated by Plaintiff's race: Jewish.

126.    Similarly situated employees such as Jose Torres and Nicole McIntosh are not Jewish. They are not and were not subjected to the same conduct referred to in this complaint.

127.    The Defendants' discriminatory behavior was part of a custom, pattern and practice of unlawful harassment and discrimination of employees who are Jewish.

128.    Defendants' discriminatory behavior included that harassment perpetrated against Plaintiff, his disciplinary actions, his micromanagement, his demotion, his suspension, and Plaintiff's termination.

129.    As a direct and proximate result of the foregoing, Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

130.    Plaintiff's race (Jewish) was a motivating factor for his harassment, his disciplinary actions, his demotion, his suspension, and his termination.

131.    Plaintiff has suffered damages of an ongoing and continuous nature.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a.    Enter judgment in Plaintiff's favor and against the Defendants for their violations of Title VII;

b.    Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in a Title VII action;

c.    Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d.    Award Plaintiff prejudgment interest on her damages award;

e.    Award Plaintiff punitive damages;

f.    Enjoin the Defendants, their officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

g.    Award Plaintiff reasonable costs and attorney's fees; and

h.    Grant Plaintiff such other and further relief, as this Court deems equitable and just.

### COUNT XI: VIOLATION OF TITLE VII
### HOSTILE WORK ENVIRONMENT BASED ON PLAINTIFF'S RACE

132.    Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 – 22, 25 – 36, and 38 – 45 of this Complaint.

133.    Plaintiff is a member of a protected class of citizens who belong to the Jewish race.

134.    Plaintiff was and is qualified for the position of Evening Shift Supervisor.

135.    During the course of Plaintiff's employment with the Defendants, Plaintiff was subjected to a hostile work environment, as more fully described supra.  This conduct was substantially motivated by Plaintiff's race (Jewish).

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                         Facsimile: 888.270.5549

23

136.    The offensive and discriminatory remarks and conduct referred to in this complaint were offensive to Plaintiff and would be offensive to a reasonable person.

137.    The offensive and discriminatory remarks and conduct referred to in this complaint were sufficient severe and pervasive and altered the terms and conditions of his employment.

138.    Similarly situated employees such as Jose Torres and Nicole McIntosh who are not Jewish, were not subjected to the same conduct referred to in this complaint.

139.    Defendants were aware the hostile work environment Plaintiff was subjected to and took no remedial action to cease such behavior.

140.    As a direct and proximate result of the foregoing, Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

141.    Plaintiff's race (Jewish) was a motivating factor for the Defendants to create and maintain a hostile work environment around Plaintiff.

142.    Plaintiff has suffered damages of an ongoing and continuous nature.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a.   Enter judgment in Plaintiff's favor and against the Defendants for their violations of Title VII;

b.   Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in a Title VII action;

c.   Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d.   Award Plaintiff prejudgment interest on her damages award;

e.   Award Plaintiff punitive damages;

f.  Enjoin the Defendants, their officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

g.  Award Plaintiff reasonable costs and attorney's fees; and

h.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT XII: VIOLATION OF TITLE VII - DISCRIMINATION BASED ON PLAINTIFF'S NATIONAL ORIGIN

143.  Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 – 22, 25 – 36, and 38 – 45 of this Complaint.

144.  Plaintiff is a member of a protected class of citizens with Jewish ancestry. Jewish ancestry is recognized as a nationality protected under Title VII.

145.  Plaintiff was and is qualified for the position of Evening Shift Supervisor.

146.  During the course of Plaintiff's employment with the Defendants, Plaintiff was subjected to a discriminatory environment, as more fully described supra, because of his Jewish nationality and ancestry.

147.  The offensive and discriminatory remarks and conduct referred to in this complaint were offensive to Plaintiff and would be offensive to a reasonable person.

148.  The offensive and discriminatory remarks and conduct referred to in this complaint were substantially motivated by Plaintiff's national origin and ancestry: Jewish.

149.  Similarly situated employees such as Jose Torres and Nicole McIntosh are not Jewish. They are not and were not subjected to the same conduct referred to in this complaint.

150.  The Defendants' discriminatory behavior was part of a custom, pattern and practice of unlawful harassment and discrimination of employees who are Jewish.

151.    Defendants' discriminatory behavior included that harassment perpetrated against Plaintiff, his disciplinary actions, his micromanagement, his demotion, his suspension, and Plaintiff's termination.

152.    As a direct and proximate result of the foregoing, Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

153.    Plaintiff's national origin and ancestry (Jewish) was a motivating factor for his harassment, his disciplinary actions, his demotion, his suspension, and his termination.

154.    Plaintiff has suffered damages of an ongoing and continuous nature.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

   a.  Enter judgment in Plaintiff's favor and against the Defendants for their violations of Title VII;

   b.  Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in a Title VII action;

   c.  Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

   d.  Award Plaintiff prejudgment interest on her damages award;

   e.  Award Plaintiff punitive damages;

   f.  Enjoin the Defendants, their officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

   g.  Award Plaintiff reasonable costs and attorney's fees; and

   h.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

**COUNT XIII: VIOLATION OF TITLE VII**
**HOSTILE WORK ENVIRONMENT BASED ON PLAINTIFF'S NATIONAL ORIGIN**

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

155.    Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 – 22, 25 – 36, and 38 – 45 of this Complaint.

156.    Plaintiff is a member of a protected class of citizens of Jewish national origin and ancestry.

157.    Plaintiff was and is qualified for the position of Evening Shift Supervisor.

158.    During the course of Plaintiff's employment with the Defendants, Plaintiff was subjected to a hostile work environment, as more fully described supra.  This conduct was substantially motivated by Plaintiff's national origin and ancestry (Jewish).

159.    The offensive and discriminatory remarks and conduct referred to in this complaint were offensive to Plaintiff and would be offensive to a reasonable person.

160.    The offensive and discriminatory remarks and conduct referred to in this complaint were sufficient severe and pervasive and altered the terms and conditions of his employment.

161.    Similarly situated employees such as Jose Torres and Nicole McIntosh who are not Jewish, were not subjected to the same conduct referred to in this complaint.

162.    Defendants were aware the hostile work environment Plaintiff was subjected to and took no remedial action to cease such behavior.

163.    As a direct and proximate result of the foregoing, Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

164.    Plaintiff's national origin and ancestry (Jewish) were a motivating factor for the Defendants to create and maintain a hostile work environment around Plaintiff.

165.   Plaintiff has suffered damages of an ongoing and continuous nature.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a.   Enter judgment in Plaintiff's favor and against the Defendants for their violations of Title VII;

b.   Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in a Title VII action;

c.   Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d.   Award Plaintiff prejudgment interest on her damages award;

e.   Award Plaintiff punitive damages;

f.   Enjoin the Defendants, their officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

g.   Award Plaintiff reasonable costs and attorney's fees; and

h.   Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## <u>COUNT XIV: VIOLATION OF 42 U.S.C. § 1981</u>

166.   Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 – 22, 25 – 36, and 38 – 45 of this Complaint.

167.   Plaintiff is a member of a protected class of Jewish citizens. "Jewish" is a protected race under 42 U.S.C. § 1981.

168.   Plaintiff was and is qualified for the position of Evening Shift Supervisor.

169.     During the course of Plaintiff's employment with the Defendants, Plaintiff was subjected to a discriminatory, hostile and offensive work environment, as more fully described in this Complaint, because he is Jewish and of Jewish ancestry.

170.     The offensive and discriminatory remarks and conduct referred to in this Complaint were offensive to Plaintiff and would be offensive to a reasonable person.

171.     The offensive and discriminatory remarks and conduct referred to in this Complaint were substantially motivated by Plaintiff's race.

172.     Similarly situated employees such as Jose Torres and Nicole McIntosh, who are not Jewish, were not subjected to the same conduct referred to in this Complaint.

173.     The Defendant's discriminatory behavior was part of a custom, pattern and practice of unlawful harassment and discrimination of employees who are Jewish.

174.     As a direct and proximate result of the foregoing, Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damages.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a.   Enter judgment in Plaintiff favor and against the Defendants for their violations of 42 U.S.C. § 1981, as amended;

b.   Award Plaintiff actual damages suffered;

c.   Award Plaintiff compensatory damages under 42 U.S.C. § 1981 for the embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered;

d.   Award Plaintiff punitive damages pursuant to 42 U.S.C. § 1981.

e.   Award Plaintiff prejudgment interest on her damages award;

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800                  Telephone: 305.503.5131
Aventura, Florida 33180                                    Facsimile: 888.270.5549

f.   Enjoin the Defendants, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

g.   Award Plaintiff reasonable costs and attorney's fees; and

h.   Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT XV: RETALIATION FOR ENGAGING IN PROTECTED ACTIVITES UNDER TITLE VII and 42 U.S.C. SECTION 1981

175.   Plaintiff re-states and re-alleges paragraphs 1 through 45 as if set forth in full herein.

176.   Plaintiff objected to the series of discriminatory actions taken against him based on his race, national origin, age, and religion during his employment and as described in this complaint.

177.   Defendants' actions against Plaintiff after his numerous complaints was motivated by an intent to retaliate against Plaintiff for his protected activity under Title VII and under 42 U.S.C. § 1981.

178.   Defendants willfully violated Title VII and 42 U.S.C. § 1981or acted with reckless disregard for whether their actions were prohibited.

179.   As a direct and proximate result of the intentional violations by Defendants, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

180.   Furthermore, as a direct and proximate result of such actions by Defendants, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendants' conduct.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

30

a.  Enter judgment in Plaintiff's favor and against Defendants for their violations of the Title VII and of 42 U.S.C. § 1981;

b.  Award Plaintiff actual damages suffered, including lost wages, lost of fringe benefits and damages;

b.  Award  Plaintiff compensatory damages under Title VII and under 42 U.S.C. § 1981 for  embarrassment, anxiety, humiliation and emotional distress Plaintiff has and continues to suffer;

d.  Award Plaintiff liquidated damages based on Defendants' willful  and/or reckless conduct;

e.  Award Plaintiff's prejudgment interest on his damages award;

f.  Award Plaintiff's reasonable costs and attorney's fees; and

g.  Grant Plaintiff such other and further relief as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues triable in each count of this Complaint.

Dated: April 5, 2021.

By: ***Tanesha W. Blye***
Tanesha W. Blye, Esquire
Fla. Bar No.: 738158
E-Mail: tblye@saenzanderson.com
Aron Smukler, Esquire
Fla. Bar No.: 297779
E-Mail: asmukler@saenzanderson.com
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
E-mail: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180

Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Trial Counsel for Plaintiff*