**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

GARY GOLDINER,

        Plaintiff,

v.

PLANTATION GENERAL HOSPITAL
LIMITED PARTNERSHIP d/b/a
PLANTATION GENERAL HOSPITAL a/k/a
PGH and HD&S CORP. SUCCESSOR, INC.
d/b/a PLANTATION GENERAL HOSPITAL
a/k/a HCA a/k/a PGH,

        Defendants.

_____/

CASE NO. 21-CV-60741 RKA

### DEFENDANTS' MOTION FOR SANCTIONS

The Defendants, Plantation General Hospital Limited Partnership d/b/a Plantation General Hospital and HD&S Corp. Successor, Inc. (collectively Defendants or "Plantation General Hospital"), move for entry of sanctions against Plaintiff for his willful failure to attend the Court-ordered Mediation. The grounds for this motion are fully set forth below.

### Background

This is an employment discrimination claim brought under a variety of theories. The Plaintiff, Gary Goldiner, worked at Plantation General Hospital as an x-ray technologist. He was disciplined, demoted, and then terminated in early 2021 – leading to the filing of this lawsuit.

By Court Order dated June 9, 2021 (DE #29), the mediation was scheduled before Neil Flaxman, for August 13, 2021. That date was coordinated and agreed to by all parties. On August 6, 2021, one week before the Mediation, Plaintiff moved to reschedule it claiming that Defendants' lack of cooperation in deposition scheduling, and in their unilateral cancelling of Plaintiff's deposition, necessitates the postponement of the mediation. Defendant's opposed the

1

126954331.1

postponement.  Discovery revealed that Plaintiff obtained new employment immediately after his termination date and, thus, incurred limited economic damages.   With a 15-Count Complaint, and with thousands of pages of documents produced by each side, it is easy to see how this case would quickly become an attorney-fee driven case.  That was the stated reason for postponement of Plaintiff's deposition – to avoid both sides from incurring continued, significant legal fees and expenses.

This Court did not grant Plaintiff's motion to postpone the Mediation.

On Friday, August 13, 2021, the mediation proceeded.  Defendants and their designated representative appeared by Zoom before Mr. Flaxman.   Plaintiff's counsel, Tanesha Blye, appeared as well but announced that her client would not be attending.  Because of Plaintiff's refusal to attend, the Mediation could not go forward and was adjourned.  On that same date, the Mediator filed his Mediator's Report (D.E. 38) reflecting that "[a]s a result of the Plaintiff not appearing the mediation could not go forward."

## <u>Argument</u>

Local Rule 16.2(e) of the Rules of this Court states that "Unless excused in writing by the presiding Judge, all parties . . . shall be physically present at the mediation conference . . . with full authority to negotiate a settlement."   It is beyond dispute that Plaintiff failed to attend, and Plaintiff's willful failure is a direct violation of the rules as well as this Court's Order Scheduling Mediation.

Courts have routinely awarded sanctions against a party for failure to appear at a mediation conference.  *See Metal Group USA, LLC v. Seapack, Inc,* 2019 WL 5291183 (S.D. Fla., September 8, 2019) (awarding monetary sanctions for failure of party's insurer to attend); *McCalla v. Avmed, Inc.,* 800 F.Supp. 2d 1194) (S.D. Fla. 2011) (approving award of sanctions for party's own failure

2

126954331.1

to appear at mediation); *Montanez v. Carvajal*, 2016 WL 11464649 (M.D. Fla., October 18, 2016) (same).  As the *Montanez* Court noted, "[e]ven a party who inadvertently fails to attend mediation is subject to sanctions, as the purpose of mediation cannot be fully achieved without every party's in-person attendance."  *Id.* at *1.  In this case, Plaintiff's conduct is even more egregious, since this mediation was set by Court Order and his failure to appear is a violation of that Order as well as of the Local Rules.

Rule 16(f)(1) of the Federal Rules of Civil Procedure provides that the Court may award sanctions if a party "fails to obey a scheduling or other pretrial order.  Subsection (2) of that Rule provides that

> (2) Imposing Fees and Costs.  Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified  or other circumstances make an award of expenses unjust.[1]

The Mediator, Mr. Flaxman, was gracious and indicated that he would not charge for his time since the Mediation could not take place.  Nevertheless, Defendants have been prejudiced by incurring substantial time and expense in preparing for the Mediation.   These expenses include the following:

- 8/10/21 – preparation of confidential case analysis to Mediator      1.6 hours

- 8/13/21 -  prepare for and attend mediation      1.1 hours

- 8/13/21 – Review Mediator's Report, research and preparation of Motion for Sanctions      2.1 hours

---

[1]      Defendants do not ask this Court to sanction Plaintiff's counsel, as they complied with their obligation and appeared at the Mediation.

3

The undersigned counsel's hourly rate charged to the Defendants is $405 per hour.  Thus, the total fees incurred in preparing for and attending the mediation amount to 4.8 hours at the rate of $405, in the amount of **$1,944.00**.

Accordingly, Defendants ask this Court to award sanctions against Plaintiff (1) in the amount of **$1,944.00** as attorney's fees incurred, and (2) request the entry of an Order requiring all parties to participate in a second Mediation.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on **August 16, 2021**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing generated by CM/ECF.

  /s/  *Alexander D. del Russo*
Alexander D. del Russo
Florida Bar No.: 350273
Jennifer A. Yasko
Florida Bar No.:  109604
adelrusso@carltonfields.com
jyasko@carltonfields.com
kcasazza@carltonfields.com
**CARLTON FIELDS, P.A.**
CityPlace Tower – Suite 1200
525 Okeechobee Boulevard
West Palm Beach, FL  33401-6350
Telephone: (561) 659-7070
*Attorneys for Defendants*

4

126954331.1

## <u>SERVICE LIST</u>

**Gary Goldiner v. Plantation General Hospital Limited Partnership d/b/a Plantation General Hospital a/k/a PGH and HD&S Corp. Successor, Inc. d/b/a Plantation General Hospital, a/k/a HCA a/k/a PGH**
**Case No.:  21-cv-60741 RKA**

Aron Smukler
Tanesha W. Blye
R. Martin Saenz
Saenz & Anderson, PLLC
20900 NE 30th Avenue
Suite 800
Aventura, FL 33180
asmukler@saenzanderson.com
tblye@saenzanderson.com
msaenz@saenzanderson.com
Telephone: (305) 503-5131
*Counsel for Plaintiff*

126954331.1